UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------x
MAERSK LINE, A.S.

    Plaintiff,

vs.                                                                                         Civil Action No.: _____

PORTS AMERICA CHESAPEAKE, LLC,

     Defendant.                                                        **COMPLAINT**

-------------------------------------------------------------x

    Plaintiff MAERSK LINE, A.S. ("Maersk" or "Plaintiff'), by and through its attorneys, Freehill Hogan & Mahar LLP, as and for its Complaint against defendant Ports America Chesapeake, LLC alleges upon information and belief as follows:

    1.    This is an Admiralty and Maritime claim within the meaning, of Rule 9(h) of the Federal Rules of Civil Procedure and within the admiralty jurisdiction of this Court pursuant to 28 U.S.C. §1333.

    2.    The Court also has jurisdiction over this claim per 28 U.S.C. § 1332 in that the citizenship of the parties is diverse and the amount in controversy exceeds $75,000.00, exclusive of interest and costs.

    3.    The court also has pendent, ancillary and supplemental jurisdiction pursuant to 28 U.S.C. § 1367.

    4.    Venue is proper in this district pursuant to 28.U.S.C. §1391, as defendant has consented to the personal jurisdiction of this Court pursuant to the terms of the contract between the parties.

537381.1

## PARTIES

5. At all times material hereto, Maersk was and still is a business entity organized and existing under the laws of Denmark with an office and place of business in care of an agent, Maersk Agency U.S.A Inc., located at 180 Park Ave., Florham Park, New Jersey 07932. At all times material hereto Maersk was and still is engaged in business as a common carrier of merchandise by water for hire and was the common carrier of the two shipments at issue in this litigation.

6. At all times material hereto, Defendant Ports America Chesapeake, LLC ("PACL" or "Defendant")) was and is a limited liability company formed in Delaware which maintains a principal place of business in Maryland, and was and is engaged in business as, *inter alia*, a marine stevedore and/or terminal operator. Based on information and belief, the members of PACL are citizens of Maryland.

## FACTS

7. In July 2018, non party Maersk Agency U.S.A., Inc., as agent for Plaintiff Maersk, entered into an "Agreement for Terminal Services" with PACL for various container terminal services at the Port of Baltimore (hereinafter, "the Terminal Services Agreement").

8. Plaintiff issued waybill no. 606795913 dated November 19, 2019 for the shipment of several containers of cosmetic products, including container no. TKCU6769272 (hereinafter, "Container One"), from Le Havre, France to Baltimore, Maryland (hereinafter, "the First Shipment"). The waybill identified the shipper as Philippe Fauveder & Cie Le Harve, as agent for Century Express, and the consignee as Century Express.

9. Plaintiff issued waybill no. 588029295 dated November 20, 2019 for the shipment of several containers of cosmetic products, including container no. SUDU6611979 (hereinafter,

"Container Two"), from Le Havre, France to Baltimore, Maryland (hereinafter, "the Second Shipment"). The waybill identified the shipper as Philippe Fauveder & Cie Le Harve, as agent for Century Express, and the consignee as Century Express.

10. The goods stowed inside Container One and Container Two were duly loaded onto the M/V WIDE BRAVO in good order and condition in Le Harve, France and remained in good order and condition during the period they remained in the physical possession of Maersk, which ended when the containers were discharged from the vessel at Seagrit Marine Terminal in Baltimore, Maryland on/about November 27, 2019.

11. Seagrit Marine Terminal is operated by Defendant PACL.

12. Defendant PACL provided container terminal services, as per the Container Services Agreement, with respect to the First Shipment and the Second Shipment, which services included responsibility for safe care, handling and custody of Container One and Container Two, on and after discharge at the Seagrit Marine Terminal.

13. Container One was picked up at the Seagrit Marine Terminal on December 4, 2019 and delivered on that same day to Baltimore International Warehouse & Transportation, Inc. ("BIWT").

14. On December 5, 2019, BIWT warehouse personnel opened the doors to Container One and noticed that a portion of the goods appeared to be missing.

15. Container Two was picked up at the Seagrit Marine Terminal on December 5, 2019 and delivered on that same day to BIWT.

16. On December 9, 2019, BIWT warehouse personnel opened the doors to Container Two and noticed that a portion of the goods appeared to be missing.

17. A portion of the goods in Container One were lost, stolen, pilfered, or otherwise went missing during the period they remained in the physical or constructive possession of PACL between November 27, 2019 and December 4, 2019.

18. A portion of the goods in Container Two were lost, stolen, pilfered, or otherwise went missing during the period they remained in the physical or constructive possession of PACL between November 27, 2019 and December 5, 2019.

19. Century Express alleges it is the owner of the First Shipment and has made claim against Maersk alleging a portion of the goods in Container One was not in like good order when delivered, but rather was lost, stolen, pilfered, or otherwise went missing at some point between loading and delivery (hereinafter, "Claim One").

20. Despite denying responsibility for the loss, Maersk agreed to settle Claim One with Century Express in exchange for a settlement payment in the amount of $144,500.00 made on/about July 3, 2020.

21. Century Express alleges it is the owner of the Second Shipment and has made claim against Maersk alleging a portion of the goods in Container Two was not in like good order when delivered, but rather was lost, stolen, pilfered, or otherwise went missing at some point between loading and delivery (hereinafter, "Claim Two").

22. Despite denying responsibility for the loss, Maersk agreed to settle Claim Two with Century Express in exchange for a settlement payment in the amount of $38,842 made on/about June 12, 2020.

## **FIRST CAUSE OF ACTION--INDEMNIFICATION**

23. Plaintiff repeats and realleges each and every allegation set forth above in paragraphs 1 through 22 with the same force and effect as if repeated here at length.

24. The cargo loss alleged by Century Express with respect to Claim One and Claim Two was caused solely by the fault, negligence, gross negligence and/or lack of care, breach of contract, breach of warranty (express or implied), omission of other wrongful act on the part of the Defendant, its agents, or sub-contractors.

25. As a result of the foregoing, Defendant must indemnify Maersk for all amounts paid by Maersk to settle Claim One and Claim Two, as well as attorneys' fees and costs.

## SECOND CAUSE OF ACTION—BREACH OF CONTRACT

26. Plaintiff repeats and realleges each and every allegation set forth above in paragraphs 1 through 25 with the same force and effect as if repeated here at length.

27. In failing to properly protect, secure, safeguard, and otherwise prevent the theft, pilferage, or unauthorized removal of a portion of the goods contained in Container One and Container Two during the period when Container One and Container Two remained in the physical and/or constructive possession of Defendant, Defendant has breached the provisions of the Terminal Services Agreement.

28. As a result of Defendant's breach of the terms of the Terminal Services Agreement, Defendant must reimburse, indemnify, or otherwise make Maersk whole for and with respect to the settlement payments Maersk paid to Century Express in order to settle Claim One and Claim Two. Defendant is also liable to Plaintiff for any attorneys' fees and costs due under the terms of the Terminal Services Agreement.

## THIRD CAUSE OF ACTION—BREACH OF DUTY AS A TERMINAL OPERATOR

29. Plaintiff repeats and realleges each and every allegation set forth above in paragraphs 1 through 28 with the same force and effect as if repeated here at length.

537381.1

30. Defendant breached its obligations and duties as a marine terminal operator and/or stevedore by failing to properly protect, secure, safeguard, and otherwise prevent the theft, pilferage, or unauthorized removal of a portion of the goods contained in Container One and Container Two during the period when Container One and Container Two remained in the physical and/or constructive possession of Defendant.

31. By reason of the foregoing, Defendant caused damage to Plaintiff and is liable for the full sum Plaintiff has expended to settle Claim One and Claim Two with Century Express, plus attorneys' fees and costs.

### FOURTH CAUSE OF ACTION--BAILMENT

32. Plaintiff repeats and realleges each and every allegation set forth above in paragraphs 1 through 31 with the same force and effect as if repeated here at length.

33. Defendant acted as a bailee of the cargo for good consideration. Defendant was thereby a bailee who warranted and had a legal duty to safely keep, care for and deliver the cargo in the same condition as when entrusted to it and to perform its services as a bailee or to ensure that those services were performed with reasonable care and in a non-negligent and workmanlike manner. Defendant breached its bailment obligations and negligently failed to safeguard, store and deliver the cargo in as good condition as when entrusted to it.

34. By reason of the foregoing, Defendant is liable to Plaintiff for the amounts expended by Plaintiff to settle Claim One and Claim Two with Century Express, plus attorneys fees and costs.

### PRAYER

**WHEREFORE**, Plaintiff prays the Court enter a judgment on its Complaint against Defendant in the principal amount of $183,342.00, together with an award of costs, costs of suit,

interest and reasonable attorneys' fees, and for such other and other relief as the Court deems just and proper.

Dated: New York, New York
       December 11, 2020

                                    Respectfully submitted,
                                    FREEHILL HOGAN & MAHAR, LLP

By: _____
                                    William J. Pallas
                                    William Yost
                                    *Attorneys for Plaintiff MAERSK LINE A/S*
                                    80 Pine Street
                                    New York, NY 10005
                                    (212) 425-1900
                                    *Pallas@freehill.com*
                                    *Yost@freehill.com*

537381.1