WILLIAM L. JUSKA, JR.
JAMES L. ROSS*
ERIC E. LENCK
JOHN J. WALSH*
PETER J. GUTOWSKI
WAYNE D. MEEHAN*
DON P. MURNANE, JR.⸹
THOMAS M. RUSSO
THOMAS M. CANEVARI†
MICHAEL FERNANDEZ*
JOHN F. KARPOUSIS*⸹
WILLIAM J. PALLAS*
GINA M. VENEZIA°⸹
JUSTIN T. NASTRO*
MANUEL A. MOLINA
DANIEL J. FITZGERALD*†⸹
BARBARA G. CARNEVALE*
ERIC J. MATHESON*
MICHAEL D. TUCKER*◊
RYAN BYRNES*
WILLIAM H. YOST*
J. TANNER HONEA*^
YAAKOV U. ADLER
MICHAEL J. DEHART
KATHLEEN M. O'BRIEN*
MATTHEW J. PALLAY*
CODY KING

\* ALSO ADMITTED IN NEW JERSEY
† ALSO ADMITTED IN CONNECTICUT
⸹ ALSO ADMITTED IN WASHINGTON, D.C.
° ALSO ADMITTED IN LOUISIANA
◊ ALSO ADMITTED IN PENNSYLVANIA
^ ALSO ADMITTED IN TEXAS

## LAW OFFICES OF
## FREEHILL HOGAN & MAHAR LLP
### 80 PINE STREET
### NEW YORK, N.Y. 10005-1759

TELEPHONE (212) 425-1900

FACSIMILE (212) 425-1901

E-MAIL: reception@freehill.com

www.freehill.com

NEW JERSEY OFFICE
103 EISENHOWER PARKWAY, SUITE 400
ROSELAND, N.J. 07068
TELEPHONE (973) 623-5514
FACSIMILE (973) 623-3813

———

CONNECTICUT OFFICE
246 MARGHERITA LAWN
STRATFORD, CT 06615
TELEPHONE: (203) 921-1913
FACSIMILE (203) 358-8377

———

OF COUNSEL
GEORGE B. FREEHILL
PATRICK J. BONNER*
MARK F. MULLER
HILARY K. JONCZAK‡

‡ ADMITTED IN FLORIDA ONLY. PRACTICE
LIMITED TO FEDERAL ADMINISTRATIVE LAW

April 7, 2021

Our File: 607-20/WJP

**Via ECF**
Honorable Paul A. Engelmayer
United States District Judge
United States District Court
Southern District of New York
40 Foley Square, Room 2201
New York, N 10007

      Re: *Maersk Line, A.S. v. Ports America Chesapeake, LLC*
           Civil Action No.: 1:20-cv-10506
           _____

Honorable Judge Engelmayer:

      We are counsel for Plaintiff Maersk Line, A.S. in the above captioned matter which is scheduled for an initial conference before Your Honor on April 13, 2021 at 3 p.m. We write jointly with counsel for Defendant in accordance with the Court's Individual Rules of Practice.

**THE CLAIM**

      The within lawsuit alleges loss to part of a shipment of cosmetics at Defendant's marine ocean terminal in Baltimore, Maryland in November/December 2019. The subject shipment of

cosmetics was carried under Maersk bills of lading nos. MAEU606795913 (container no. TCKU6769272) and MAEU5880295295 (container no. SUDU6611979) from Le Havre, France to Baltimore, MD. aboard the M/V WIDE BRAVO.  Plaintiff maintains that the container's security seals were intact during the course of carriage up to discharge at the Ports America terminal in Maryland.  At the time the containers "gated out" at the Ports America terminal in Baltimore, the terminal's equipment interchange receipt did not reflect intact original security seals.   Plaintiff alleges that the containers were breached and a portion of the cargo removed while at the Ports America terminal in Baltimore.  Plaintiff settled the underlying cargo claims with cargo interests and now seeks indemnity from Ports America in the amount of $183,342.00.

**DEFENDANT'S POSITION**

Defendant primarily maintains that the documentary evidence suggests a weight discrepancy in both containers between the printed EIRs in Le Havre, France and the noted weights on the Maersk M/V WIDE BRAVO stow plan for each container, suggesting that the cargo of cosmetics was pilfered while in Le Havre prior to being loaded aboard the vessel.  Under these circumstances, Defendant Ports America Chesapeake, LLC would have no liability for Plaintiff's cargo claims.  Furthermore, the cargo surveyor noted in his survey report that the cargo could have been pilfered prior to loading in France, at the terminal in Le Havre, while on the Maersk vessel, at Seagirt Marine Terminal, while being transported from the terminal in Baltimore, or while at the Baltimore International Warehouse & Transportation (BIWT) facility….essentially, anywhere along the transit of these containers.  If Plaintiff cannot establish that the cargo loss occurred while at Seagirt Marine Terminal as opposed to any of the other locations, then Defendant would have no liability for Plaintiff's cargo claims.

Alternatively, in the event that Defendant does have liability (which it disputes), it would be entitled to limit its liability pursuant to the U.S. COGSA provisions and the Himalaya Clause in the Bills of Lading.  Between the Maersk Bills of Lading and the underlying House Bills of Lading, a strong case can be made that the "packages" for this shipment were either the containers, themselves, or the pallets of cargo, which is how the cosmetics were prepared for shipment inside the respective containers.  In accordance with these scenarios, Defendant would be able to limit its liability to either $1,000 or to a maximum of $22,000, respectively.

Finally, Plaintiff elected to voluntarily settle the cargo claims of cargo interests for full value without insisting on enforcing its U.S. COGSA and Bills of Lading defenses.  Defendant maintains that this amounts to an unreasonable and gratuitous settlement by Maersk driven by customer relations rather than contractual provisions, and, as such, Plaintiff is not entitled to complete indemnification of these settlement amounts.

544973.1

FREEHILL, HOGAN & MAHAR LLP

**ANTICIPATED MOTIONS**

Plaintiff does not anticipate any motion practice at this time. Defendant anticipates possibly filing a Motion for Partial Summary Judgment regarding the package limitation amount.

**SETTLEMENT PROSPECTS**

The parties have agreed to continue settlement discussions and are agreeable to participating in a settlement conference with the Magistrate Judge and/or the Court's mediation program.

| | |
|---|---|
| Respectfully,<br>FREEHILL HOGAN & MAHAR LLP<br>Attorneys for Plaintiff<br>Maersk Line, A.S. | Respectfully,<br>SEMMES, BOWEN & SEMMES<br>Attorneys for Defendant<br>Ports America Chesapeake, LLC |
| By_____<br>William J. Pallas<br>80 Pine Street<br>New York, NY 10005<br>(212) 425-1900 | /s/ Alexander McKenzie Giles<br>By_____<br>Alexander McKenzie Giles<br>25 S. Charles Street<br>Baltimore, MD 21201<br>(410) 539-5040 |